Svend la Rose
438 Pierce St.
Bethlehem, PA 18015
484-892-5794
svendlarose@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SVEND LA ROSE, | Case No.: |
| --- | --- |
| Plaintiff, | MOTION FOR SUMMARY JUDGMENT; |
| vs. | PROPOSED STATEMENT OF |
| Northampton County Election Office, | UNDISPUTED FACTS |
| Lehigh County Election Office, | |
| Defendants | |

I hereby move for summary judgment in this case in my favor, and for an order granting relief as prayed for in the Complaint, for the reasons set forth in the following Memorandum and upon the attached Proposed Statement of Undisputed Facts.

*/s/ Svend la Rose*

Svend la Rose, in propria persona          Dated September 11, 2017

PROPOSED STATEMENT OF UNDISPUTED FACTS

I propose that the statements in the Request for Judicial Notice and the statement that I am a write-in candidate for the Bethlehem City Council are undisputed, and incorporate the statements in the Request for Judicial Notice by reference as if they were set forth in their entirety herein.

*/s/ Svend la Rose*

Svend la Rose, in propria persona          Dated September 11, 2017

MOTION FOR SUMMARY JUDGMENT; PROPOSED STATEMENT OF UNDISPUTED FACTS - 1

1  Svend la Rose
2  438 Pierce St.
3  Bethlehem, PA 18015
4  484-892-5794
5  svendlarose@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SVEND LA ROSE, | Case No.: |
| Plaintiff, | INITIAL REQUEST FOR JUDICIAL |
| vs. | NOTICE IN SUPPORT OF MOTION FOR |
| Northampton County, | SUMMARY JUDGMENT |
| Lehigh County, | |
| DEFENDANTS | |

I hereby request judicial notice of the following facts:

1. Both Northampton County and Lehigh County bar people under 18, irrespective of their literacy or completion of the sixth grade, from registering to vote, as is generally known in this court's territorial jurisdiction.

2. Intellectually disabled (formerly "mentally retarded") people by definition cannot complete education beyond the level of the sixth grade, as can be readily determined by reference to the *Gale Encyclopedia of Mental Health* entry on "Mental Retardation", whose accuracy cannot reasonably be questioned.

3. Neither Northampton County nor Lehigh County bars people with intellectual disabilities, or who are under guardianship, from registering to vote, as can be readily determined from the registration forms used by the Election Office, whose accuracy cannot be reasonably questioned.

4. The completion of academic work requires and demonstrates literacy, comprehension and intelligence, as is generally known in this court's territorial jurisdiction.

5. Literacy includes civic literacy, namely knowledge of the Constitution; verbal literacy, namely knowledge of reading and writing; numeracy, namely the ability to add, subtract,

INITIAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 1

multiply, divide and understand whole numbers, fractions, decimals and percents; logical reasoning; and other literacies, as is generally known in this court's territorial jurisdiction.

6. Knowledge of the Constitution is normally taught in the fifth grade in Pennsylvania, as can be readily determined from the Pennsylvania Content Standards, whose accuracy cannot be reasonably questioned.

7. The skills of reading, writing, reckoning and reasoning are taught in pre-kindergarten through the sixth grade and above, as can be readily determined from the Pennsylvania Content Standards, whose accuracy cannot be reasonably questioned.

*Svend la Rose*

Svend la Rose, in propria persona          Dated September 4, 2017.

INITIAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 2

Svend la Rose
438 Pierce St.
Bethlehem, PA 18015
484-892-5794
svendlarose@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SVEND LA ROSE, | Case No.: |
| Plaintiff, | BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| Northampton County, | |
| Lehigh County, | |
| Defendants | |

In support of my Memorandum of Summary Judgment filed today, I argue as follows:

OBSERVATION ONE: THE 18 VOTING AGE VIOLATES THE RIGHT OF SIXTH-GRADE GRADUATES TO VOTE WITHOUT SUBSTANTIVE DUE PROCESS OF LAW

1. Literate sixth-grade graduates are mature enough to vote with respect to the capacities required for voting, even though they are not "fully mature."

    a. The Voting Rights Act states "there shall be a rebuttable presumption that any person who has not been adjudged an incompetent and who has completed the sixth grade… possesses sufficient literacy, comprehension, and intelligence to vote in any election." (52 U.S.C. sec. 10101(c))

    b. When Congress listed the capacities met by the sixth grade, it must certainly have meant by them all the mental capacities required to vote. Specifically, as meant in section 10101(c) cited above, either literacy, comprehension and intelligence are the mental capacities required to vote, or literacy, comprehension and intelligence are a synecdoche for the fuller list of capacities required to vote.

    c. Literacy includes the knowledge of the Constitution, and the skills of reading, writing, reckoning and reasoning. (Request for Judicial Notice, para. 5)

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 1

    d. The knowledge of the Constitution is normally taught in the fifth grade in Pennsylvania. (Request for Judicial Notice, para. 6)

    e. The skills of reading, writing, reckoning and reasoning are taught in pre-kindergarten through the sixth grade and above. (Request for Judicial Notice, para. 7)

    f. Therefore, unless Defendants can rebut this presumption, the court must presume that sixth-grade graduates possess all the mental capacities required to vote.

2. The court should strictly scrutinize the voting age law because the right to vote is a fundamental right as to citizens because the right to vote and the threat of the withdrawal of a vote compels the honest services of the people's representatives in the political branches of government.

3. Defendants actually deny the right to vote to people under 18 who have completed the sixth grade. (Request for Judicial Notice, para. 1)

4. Denying legal capacity to people with the requisite mental capacities violates substantive due process under strict scrutiny, in that it is not narrowly tailored to a compelling governmental interest.

    a. There is no compelling interest that would justify denying minors who have completed the sixth grade the right to vote. Any such right hypothesized by the government is not compelling.

    b. To the extent that there is a compelling interest that would justify denying minors who have completed the sixth grade the right to vote, the denial of the right to vote is not narrowly tailored to that interest.

5. Denying legal capacity to vote to people with the requisite mental capacities violates substantive due process even under rational basis scrutiny, in that it is not reasonably related to a legitimate governmental interest.

    a. There is no legitimate interest that would justify denying minors who have completed the sixth grade the right to vote. Any such right hypothesized by the government is illegitimate.

    b. To the extent that there is a legitimate interest, the denial of the right to vote is either unrelated or unreasonably related to that interest.

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 2

OBSERVATION TWO: THE 18 VOTING AGE VIOLATES THE RIGHT OF SIXTH-GRADE GRADUATES TO VOTE WITHOUT EQUAL PROTECTION OF LAW

6. Irrespective of Paragraph 1 above, the circumstances of literate sixth-grade graduates are at least equal to those of intellectually disabled adults, in that sixth-grade graduates are at least as literate and intelligent as intellectually disabled adults. Specifically:

    a. Intellectually disabled adults can only have completed academic skills at the fifth- or sixth-grade level. (Request for Judicial Notice, para. 2)

    b. The completion of academic work demonstrates literacy, comprehension and intelligence. (Request for Judicial Notice, para. 4)

    c. Therefore, sixth-grade graduates possess literacy, comprehension and intelligence greater than or equal to that of intellectually disabled adults.

7. The traditional use of strict scrutiny or rational-basis scrutiny to scrutinize equal protection cases is inappropriate. The Court's standard of equal protection scrutiny should be whether the protection granted by the differential treatment is less for the party more entitled to protection, in which case there is an equal protection violation.

    a. I do not deny that the laws protecting minors provide a higher degree of protection to minors than to adults. Certain laws protecting minors from drinking, sex, underage driving etc., insofar as they are reasonable, provide less liberty to minors in order to provide them greater protection from harm.

    b. In this case, however, the right to vote is not denied to protect minors from harm. It is denied invidiously because minors have been stereotyped as less intelligent, less literate and less capable of comprehending the issues than adults. Intelligent scrutiny with an eye toward ability, not age, puts the lie to this stereotype and shows that sixth-grade graduates under 18 are even more entitled to vote than intellectually disabled adults.

    c. No state may deny to any person within its jurisdiction the equal protection of the laws, even if it has a good reason. The differential treatment must be reasonably related, or narrowly tailored in cases of strict scrutiny, to a significant difference between the groups differently treated, with the result being equal protection through unequal treatment.

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 3

8. Denying legal capacity to people with a higher level of mental capacity, while allowing it to those who by definition have less mental capacity, violates equal protection.
    a. There is no reasonable relationship between the greater literacy, comprehension and intelligence of sixth-grade graduates under 18 vis-à-vis that of intellectually disabled adults and the denial of the right to vote to the one and not the other.
    b. The denial of the right to vote to sixth-grade graduates under 18 but not to intellectually disabled adults does not result in the equal or equitable protection of the interests of minors.

OBSERVATION THREE: PLAINTIFF HAS THE RIGHT TO HAVE LITERATE MINORS REGISTERED AND PERMITTED TO VOTE

9. Plaintiff is a candidate for public office. (Verified Complaint, para. 3)
10. Candidates for public office have an interest in having their voting bloc registered and permitted to vote.
11. If this case in not decided in time for the election, then it will still be capable of repetition and yet evade review.

OBSERVATION FOUR: THE RELIEF PRAYED FOR WILL VINDICATE PLAINTIFF'S RIGHT TO HAVE MINORS REGISTERED TO VOTE

12. A writ of mandate, or relief to the same effect, will compel the registration of minors who have completed the sixth grade to vote.
13. The compelling of the registration of such minors will vindicate plaintiff's interest in having such voters registered and permitted to vote.

Therefore, the motion for summary judgment for plaintiff should be granted, and relief granted as prayed for in the Complaint.

Dated September 11, 2017

*[signature]*

Svend la Rose, in propria persona