IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SVEND LA ROSE, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 17-4080 |
| NORTHAMPTON COUNTY and | : | |
| LEHIGH COUNTY, | : | |
| Defendants | : | |

## MEMORANDUM

**STENGEL, C.J.**                                                                                          **OCTOBER 19, 2017**

Plaintiff Svend La Rose brings this civil action asserting claims arising under the United States Constitution against Northampton County and Lehigh County.  He seeks to proceed *in forma pauperis*.  For the following reasons, I will grant Mr. La Rose leave to proceed *in forma pauperis* and dismiss his complaint.

### I.    FACTS

Svend La Rose "is a write-in candidate" for elected office on the Bethlehem City Council.  (Compl. ¶ 3.)  He claims that Northampton County and Lehigh County are violating the United States Constitution by acting in accordance with Section 701 of the Pennsylvania Election Code.  Specifically, he alleges that these counties "deny people who are under 18 who have completed the sixth grade the right to vote [. . .] on the arbitrary and irrational grounds that they have not reached the magic age of 18 years."  (*Id.* ¶¶ 7, 9.)  Mr. La Rose sets forth two causes of action based on this perceived injustice.  First, he asserts a substantive due process claim based on an unconstitutional denial of the right to vote.  Second, he claims that the counties violate the Constitution by denying this group the right to vote without equal protection of law, "but do not refuse to register people who are intellectually disabled to vote, even though

such people are less mentally well-qualified to vote than such minors." (*Id.* ¶ 9.)  In support of these claims, he further asserts that the "common law of minority" is unconstitutional as applied, because it is "arbitrary, irrational, and not even reasonably related, let alone narrowly tailored, to any legitimate governmental interest, let alone a compelling interest." (*Id.* ¶ 8.)  Mr. La Rose seeks a writ of mandate "compelling defendants to register all persons who have completed the sixth grade, irrespective of age, to vote and to permit them to vote in elections." (*Id.* at 2:21–23.)  He believes that he has "the right to have literate minors registered and permitted to vote," because "[c]andidates for political office have an interest in having their voting bloc registered and permitted to vote." (Pl.'s Mem. Supp. Mot. Summ. J. 4.)[1]

## II.    STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[1] Along with the complaint, Mr. La Rose submitted what he has termed a motion for summary judgment and a brief in support of that motion.  All of the documents he submitted will be treated as part of the complaint, despite the titles Mr. La Rose selected for the individual components of his initial filing.  For ease of reference, however, I will cite to the document titles that Mr. La Rose utilized.

### III.   DISCUSSION

After careful consideration, I find that Mr. La Rose lacks standing to raise his claims, and that even if he were a proper person to raise these claims, they fail on their merits.  I will first address the standing issue, and then explain why Mr. La Rose has failed to state a claim.

#### A.  <u>Standing</u>

"To satisfy the 'case or controversy' standing requirement under Article III, § 2 of the United States Constitution, a plaintiff must establish that it has suffered a cognizable injury that is causally related to the alleged conduct of the defendant and is redressable by judicial action." *Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 283 (3d Cir. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).  "Apart from the constitutional requirements for standing, courts have imposed a set of prudential limitations on the exercise of federal jurisdiction over third-party claims."  *Id.* at 287 (citations omitted).  These "prudential concerns . . . prevent courts from 'deciding questions of broad social import where no individual rights would be vindicated and . . . limit access to the federal courts to those litigants best suited to assert a particular claim.'"  *Id.* at 287–88 (quoting *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99–100 (1979) (additional citation omitted)).  Accordingly, a party seeking to rely on third-party standing must satisfy "three preconditions: 1) the plaintiff must suffer injury; 2) the plaintiff and the third party must have a 'close relationship'; and 3) the third party must face some obstacles that prevent it from pursuing its own claims."  *Id.* at 288–89 (citations omitted).

Mr. La Rose has not satisfied the first requirement of individual or third-party standing, because he has not suffered an injury.  The complaint only contains the conclusory allegation that "literate minors" are Mr. La Rose's "voting bloc."  He has not pleaded any facts in support

of his belief that, if literate twelve to eighteen year-olds with at least a sixth-grade education were permitted to vote, they would vote for him.  His assertion is purely speculative, and "[i]t is well settled that resolution of constitutional issues should not be undertaken on the basis of speculation."  *Walgren v. Bd. of Selectmen of Town of Amherst, Mass.*, 373 F. Supp. 624, 635 (D. Mass. 1974), *aff'd sub nom. Walgren v. Bd. of Selectmen of Town of Amherst*, 519 F.2d 1364 (1st Cir. 1975) (citing *O'Shea v. Littleton*, 414 U.S. 488 (1974); *see also Walgren* at 625, 637 (questioning whether a candidate for elected office, "a colorful and self-described radical [who] anticipated wide student support in the election," "could establish the bona fide injury in fact which is necessary to raise the rights of the students" in accordance with United States Supreme Court precedent).  Mr. La Rose's confidence that he could secure the vote of twelve to eighteen year-olds is not sufficient to demonstrate that he has been, or will be, injured by their inability to register to vote.

Because Mr. La Rose has not satisfied the injury requirement, I do not address the second and third elements for either individual or third-party standing.  As explained below, however, even if Mr. La Rose could satisfy all of the requirements for individual or third-party standing, his claims fail on the merits.

### B. Failure to State a Claim

Section 701 of the Pennsylvania Election Code Act provides in pertinent part that "[e]very citizen of this Commonwealth eighteen years of age, possessing the [required] qualifications, shall be entitled to vote at all elections." 25 Pa. Stat. and Cons. Stat. § 2811.  The age requirement for voting in Pennsylvania is also codified by statute, which provides that "[a]n individual who will be at least 18 years of age on the day of the next election . . . shall be eligible to register" to vote as further provided by the statute.  25 Pa. C.S. § 1301(a).  For the reasons

explained below, the minimum age requirement to vote in Pennsylvania does not violate the due process or equal protection rights of minors.

### 1. Substantive Due Process

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The substantive component of the Due Process Clause limits what government may do regardless of the fairness of procedures that it employs, and covers government conduct in both legislative and executive capacities." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir. 2000), *abrogated on other grounds as recognized in*, *United Artists Theatre Circuit, Inc. v. Township of Warrington, PA*, 316 F.3d 392 (3d Cir. 2003). "Typically, a legislative act will withstand substantive due process challenge if the government 'identifies a legitimate state interest that the legislature could rationally conclude was served by the statute,' although legislative acts that burden certain 'fundamental' rights may be subject to stricter scrutiny." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000) (quoting *Alexander v. Whitman*, 114 F.3d 1392, 1403 (3d Cir. 1997) (citation omitted)). In other words, "when a plaintiff challenges the validity of a legislative act, substantive due process typically demands that the act be rationally related to some legitimate government purpose." *Nicholas*, 227 F.3d at 142.

Although voting is a fundamental right—and therefore the state's interest "is limited to the power to fix qualifications," *Harper v. Virginia State Bd. of Elections*, 383 U.S. 663, 668, 670 (1966)—it is well settled that the age a citizen must attain before being permitted to vote is a qualification that states may set. "States have often pursued their entirely legitimate interest in assuring 'intelligent exercise of the franchise' [. . .] through such devices as [. . .] age restrictions

on the right to vote." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 36 n.79 (1973) (quoting *Katzenbach v. Morgan*, 384 U.S. 641, 655 (1966) and citing *Oregon v. Mitchell*, 400 U.S. 112 (1970)); *see also Lassiter v. Northampton County Elections Bd.,* 360 U.S. 45, 51 (1959) (stating that age is an "obvious example[]" of a factor "which a State may take into consideration in determining the qualifications of voters."); *Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989) ("[A] State may impose certain eligibility requirements for voters," including a minimum age, "even though they limit a political party's ability to garner support and members."); *Oregon v. Mitchell*, 400 U.S. 112, 125 (1970) ("No function is more essential to the separate and independent existence of the States and their governments than the power to determine within the limits of the Constitution the qualifications of their own voters for state, county, and municipal offices and the nature of their own machinery for filling local public offices.").

     Mr. La Rose bases his substantive due process claim on his belief that it is unconstitutional for states to deny the right to vote to literate minors over the age of twelve.  As described above, it is not unconstitutional for states to establish a minimum voting age of eighteen years.  Pennsylvania's decision to require its citizens to attain the age of eighteen years before they are eligible to vote is a reasonable one.  As other courts have noted, "setting a minimum age limit is obviously in the [state's] interest of having a minimum of maturity in voters and therefore in the interest of having an informed electorate." *Gaunt v. Brown*, 341 F. Supp. 1187, 1192 (S.D. Ohio), *aff'd*, 409 U.S. 809 (1972); *see also McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 246 (3d Cir. 2010) ("[R]esearch has confirmed the common sense observation that younger members of our society, children and teens, lack the maturity found in adults.").  Accordingly, Mr. La Rose's substantive due process claim is dismissed.

## 2. **Equal Protection**

"The Fourteenth Amendment's promise that no person shall be denied the equal protection of the laws must coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans*, 517 U.S. 620, 631 (1996) (citation omitted).  "Although [the Supreme Court has] emphasized on numerous occasions the breadth of power enjoyed by the States in determining voter qualifications and the manner of elections, this power must be exercised in a manner consistent with the Equal Protection Clause of the Fourteenth Amendment." *Bullock v. Carter*, 405 U.S. 134, 140–41 (1972) (citations omitted).  Nonetheless, "[t]o require that every voting regulation be subjected to strict scrutiny, 'and to require that the regulation be narrowly tailored to advance a compelling state interest, . . . would tie the hands of States seeking to assure that elections are operated equitably and efficiently.'" *Lee v. Virginia State Bd. of Elections*, 188 F. Supp. 3d 577, 607–08 (E.D. Va.), *aff'd*, 843 F.3d 592 (4th Cir. 2016) (quoting *Burdick v. Takushi*, 504 U.S. 428, 433 (1992)); *see also Burdick*, 504 U.S. at 433 ("Election laws will invariably impose some burden upon individual voters.").[2]  "Accordingly, 'when a state election law provision imposes only reasonable, nondiscriminatory restrictions upon the First and Fourteenth Amendment rights of voters, the State's important regulatory interests are generally sufficient to justify' the restrictions.'" *Id.* at 608 (quoting *Burdick*, 504 U.S. at 434 (quotation omitted)); *see also Patriot Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections*, 95 F.3d 253, 264 (3d Cir. 1996) ("the State's important regulatory interests are generally sufficient to

---

[2] Prior to *Burdick*, the Court had suggested that states could meet strict scrutiny in setting voting requirements.  *See Rosario v. Rockefeller,* 410 U.S. 752, 761 (1973) ("A State indisputably has a compelling interest in preserving the integrity of its election process.").

justify reasonable, nondiscriminatory restrictions.'") (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983) (citation omitted)).

Pennsylvania has determined that minors may not vote.  As stated above, "setting a minimum age limit is obviously in the [state's] interest of having a minimum of maturity in voters and therefore in the interest of having an informed electorate."  *Gaunt*, 341 F. Supp. at 1192.  The reason why states have determined that children cannot vote is fairly obvious.  *See, e.g.*, *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1380 (3d Cir. 1992) ("The majority of secondary school students are minors, and the law recognizes that their judgment may not be fully mature and developed: children cannot vote, U.S. Const. amend. XXVI.").  This is a reasonable determination that Pennsylvania is entitled to make, and it does not violate the Fourteenth Amendment's Equal Protection Clause.

Mr. La Rose's equal protection claim fails for the additional reason that he has not identified similarly situated persons.  "The Equal Protection Clause prevents States from arbitrarily treating people differently under their laws.  Whether any such differing treatment is to be deemed arbitrary depends on whether or not it reflects an appropriate differentiating classification among those affected; the clause has never been thought to require equal treatment of all persons despite differing circumstances."  *Harper*, 383 U.S. at 681 (Harlan, J., dissenting).  Thus, an essential element of a claim of selective treatment under the Equal Protection Clause is that the comparable parties were "similarly situated."  *Startzell v. City of Phila.,* 533 F.3d 183, 203 (3d Cir. 2008) (citing *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (citation omitted)); *see also id.* ("Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'") (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).  Here, Mr. La Rose attempts to assert that children aged twelve to eighteen are similarly situated

to adults with intellectual disabilities—they are not. The operative descriptive word in the group selected by Mr. La Rose for comparison is "adults." Because one group contains adults and one group contains children, these groups are not similarly situated and therefore any differing treatment in their ability to register to vote is not arbitrary. For these reasons, Mr. La Rose's equal protection claim is dismissed.

### IV. CONCLUSION

For the foregoing reasons, I will dismiss the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. La Rose will not be permitted to file an amended complaint, because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002).

An appropriate order follows.